IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PROGRESSIVE EMU, INC., f/k/a }
JOHNSON EMU, INC.,           }
                             }
   Plaintiff and             }   CIVIL ACTION NO.
   Counterclaim Defendant,   }
                             }   2:12-CV-02805-WMA
v.                           }
                             }
NUTRITION & FITNESS, INC.,   }
                             }
   Defendant and             }
   Counterclaim Plaintiff.   }

## MEMORANDUM OPINION AND ORDER

The court has before it briefs filed by plaintiff and counterclaim defendant, Progressive Emu, Inc. ("Pro Emu"), and defendant and counterclaim plaintiff, Nutrition & Fitness, Inc. ("NFI") (Docs. 45 and 46), each responding to this court's request that the parties address the question of what state law applies.

### BACKGROUND

On March 28, 2012, Pro Emu filed a complaint against NFI in the Circuit Court of Jefferson County, Alabama. On April 10, 2012, NFI removed the action to this court (the "Alabama Action"). In its complaint Pro Emu asserts claims for breach of contract and seeks declaratory judgment regarding Pro Emu's ability to sell oil under the terms of the contract and regarding Pro Emu's common law property rights in the Blue Emu trademark.[1]  (*See* 12-1079, Doc. 1-

---

[1] Pro Em's original complain contained a claim for an accounting.  That claim has been abandoned and is no longer

1). The next day, on April 11, 2012, NFI filed a practically mirror-image complaint in the United States District Court for the Eastern District of North Carolina (the "North Carolina Action"). On August 24, 2012, the North Carolina Action was transferred to this court and consolidated with the Alabama Action. As a result, NFI had both counterclaims from the Alabama Action and claims from the North Carolina Action pending before this court. To consolidate its claims and counterclaims, on October 19, 2012, NFI filed an amended answer and counterclaims. NFI counterclaims include breach of contract, unfair and deceptive trade practices, tortious interference with business relations, and a declaratory judgment regarding common law intellectual property rights.[2] (*See* Doc. 44).

## DISCUSSION

When a federal court exercises jurisdiction based on diversity of citizenship (28 U.S.C. § 1332) the court must apply the choice of law rules of the forum state to determine which state's substantive law applies. *Grupo Televisa, S.A. v. Telemundo Comms. Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020 (1941)). This court must therefore apply Alabama's choice of law

---

before this court.

[2] NFI is no longer asserting a claim for breach of covenant of good faith and fair dealing or a claim for an accounting.

rules. "As a preliminary matter, the court must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc." *Id.* For example, Alabama's choice of law rule with regard to tort claims is *lex loci delici*. *Fitts v. Minn. Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991). Under this principle, the substantive rights of an injured party are determined by the law of the state where the injury occurred. *Id.* However, if a party sues under a specific statute, there is no true choice of law issue, and the party cannot attempt to apply the law of a state other than the state in which the statute was enacted. *See Houston v. Whittier*, 216 P.3d 1272, 1279 (Idaho 2009); Memorandum Opinion of Judge Abdul Kallon, Case No. 08-cv-01423 -AKK, Doc. 294 at 8. A court may apply the laws of different states to different legal issues in a single case. *See e.g., Velten v. Regis B. Lippert, Intercat, Inc.*, 985 F.2d 1515 (11th Cir. 1993).

**Unfair and Deceptive Trade Practices Claims**

The parties dispute whether Alabama or North Carolina law applies to NFI's claim for unfair and deceptive trade practices. Pro Emu argues that Alabama law applies to this claim because NFI's claim for unfair and deceptive trade practices cites an Alabama statute, Ala. Code § 18-19-1 *et seq.*, and therefore arises solely under Alabama law. (*See* 12-1079, Doc. 24). Pro Emu's argument fails to address two key points. First, this is a consolidated case. NFI's counterclaim in the Alabama Action was not the only

unfair and deceptive trade practices claim NFI asserted.  In its complaint filed in the North Carolina Action, NFI asserted a claim for unfair and deceptive trade practices and specifically cited the relevant North Carolina statute, N.C. Gen. Stat. § 75-1.1, *et seq.*  Second, NFI's amended answer and counterclaims includes a claim for unfair and deceptive trade practices under the North Carolina statute.  (*See* Doc. 44).  Therefore, Pro Emu's argument based on the Alabama language of NFI's counterclaim in its initial answer in the Alabama action is not determinative of the choice of law question.

 Because NFI asserted a claim under the North Carolina Unfair and Deceptive Trade Practices Act in its complaint in the North Carolina Action and in its amended answer and counterclaims, there is no true choice of law issue.  Just as FNI could not argue that North Carolina law applied to its counterclaim under the Alabama Act, Pro Emu cannot argue that Alabama law applies to NFI's claim under the North Carolina Act.  Additionally, because the North Carolina action was transferred pursuant 28 U.S.C. § 1404(a), this court must apply the same state law that the North Carolina court would have applied to that claim - North Carolina law.  *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns., Inc.*, 689 F.2d 982, 991 (11th Cir. 1982).

 Furthermore, the application of Alabama's choice of law rules would render the same result.  Claims under the North Carolina

Unfair and Deceptive Trade Practices Act are considered tort claims. *New Bar P'Ship v. Martin*, 729 S.E.2d 675, 680 n.1 (N.C. App. Ct. 2012)("The tort commonly referred to as 'unfair and deceptive trade practices' in our case law is actually 'unfair or deceptive acts or practices in or affecting commerce' in our General Statutes."). Thus, under the doctrine of *lex loci delicti* North Carolina law would apply if the injury occurred in North Carolina. NFI has alleged the following injuries that occurred in North Carolina: (1) receiving invoices for emu oil with overcharges in North Carolina; (2) having to pay for additional emu oil purchased in the open market from North Carolina bank accounts; (3) NFI, a North Carolina company, being denied the right to purchase emu oil when available; (4) misrepresentations about Pro Emu's ability to ship emu oil into North Carolina; (5) interfering with business relationships that NFI coordinates from its North Carolina headquarters; and (6) refusing to fill NFI's orders for emu oil it received from North Carolina. Pro Emu has offered no argument that the alleged injuries did not occur in North Carolina.[3] As such, North Carolina law applies to NFI's claim for unfair and deceptive trade practices under Alabama's choice of law rules.

**Beach of Contract Claims**

---

[3] Additionally, Pro Emu's arguments regarding the application of North Carolina law to the tortious interference claim lend further support to this conclusion.

The parties agree that Georgia law governs the Sales and Marketing Agreement and therefore applies to the breach of contract claims. The court also agrees that Georgia law applies here.

**Tortious Interference with Business Relations Claim**

Pro Emu contends that North Carolina law applies to NFI's tortious interference claim because the alleged injury occurred in North Carolina. NFI does not address this claim in its brief. The court agrees that under the theory of *lex loci delici*, North Carolina law applies to NFI's tortious interference claims.

**Declaratory Judgment Claim - Intellectual Property**

Pro Emu also contends that Alabama law governs its declaratory judgment action regarding its common law trademark rights. NFI does not address this issue in its brief. Pro Emu's argument that Alabama law governs its declaratory judgment claim regarding common law intellectual property because personal property rights of Alabama residents are governed by Alabama substantive law is well taken. Alabama law governs Pro Emu's declaratory judgment claim regarding its common law intellectual property rights.

**CONCLUSION**

For the reasons stated above, Georgia law applies to the breach contract claims; Alabama law applies to Pro Emu's declaratory judgment claims regarding intellectual property rights; and North Carolina law applies to NFI's unfair and deceptive trade

practices claim and to its tortious interference claim.  It is so ORDERED.

DONE this 5th day of November 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE