FILED
 2013 Dec-18  PM 04:11
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE EMU, INC., f/k/a JOHNSON EMU, INC. | |
| Plaintiff and Counterclaim Defendant, | CIVIL ACTION NO. 2:12-cv-01079-WMA |
| v. | |
| NUTRITION & FITNESS, INC. | |
| Defendant and Counterclaim Plaintiff. | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of plaintiff and counterclaim defendant Progressive Emu, Inc. ("Pro Emu"), to compel certain discovery from defendant and counterclaim plaintiff Nutrition & Fitness, Inc ("NFI").  For the reasons that follow, the motion will be denied.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel be accompanied by a certification that the moving party has attempted in good faith to obtain the discovery from the other party without the court's involvement.  Pro Emu's motion contains no such express certification, nor does the motion imply the type of conferral with the non-moving party demanded by Rule 37.  The primary motivation of the instant motion appears to be Pro Emu's inability to meet the December 6 deadline for expert reports.  The motion was filed on the same day of the deadline, and alleges

that NFI's designation of certain records as "attorney's eyes only" prevented Pro Emu's accountant from reviewing the documents. *See* Pl.'s Mot. at 3.  But the correspondence between the parties that preceded this motion reveals that NFI expressly invited Pro Emu to bring an "accountant/expert" to review documents, in person, at NFI's facility, provided that Pro Emu revealed the identity of the expert in advance.  *See* November 11 email from Charles Burke to Deanna Weidner, Def.'s Opp'n, Ex. 4, at 4.  Despite NFI's repeated clarification of this message, Pro Emu interpreted or misinterpreted the email as an "insistence" that no accountant would be permitted, and for that reason no expert attended the document review session.  *See* Def.'s Opp'n, Ex. 4, at 2-3.  This failure to properly acknowledge and appropriately respond to short, clear emails suggests not only that Pro Emu failed to confer with NFI, as required by Rule 37, but actively avoided such communication.

The final deadline for all discovery in this case remains January 31, 2014, giving the parties more than six weeks to continue to obtain information from each other.  During this period, the court will not hear further discovery motions, and the parties will exchange the materials they need for trial without the court's involvement, using cooperation and negotiation, as contemplated by the Federal Rules of Civil Procedure.  At the conclusion of this period, the court will hear all remaining

discovery disputes.  If at that time it finds that the parties or either of them has violated the Federal Rules, it will impose appropriate sanctions.

Plaintiff's motion to compel and request for extension of pretrial deadlines are DENIED.

DONE this 18th day of December, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE