IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE EMU, INC. )<br>f/k/a JOHNSON EMU, INC. )<br>  )<br>  Plaintiff and )<br>  Counterclaim Defendant, )<br>  )<br>v. )<br>  )<br>NUTRITION & FITNESS, INC. )<br>  )<br>  Defendant and )<br>  Counter Claimant Plaintiff. ) | Civil Action No.<br>CV-12-AR-1079-S |

### DEFENDANT/COUNTER CLAIMANT NUTRITION & FITNESS, INC.'S MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant and counter claimant Nutrition & Fitness, Inc. ("NFI"), hereby moves the Court for summary judgment dismissing Plaintiff Progressive Emu, Inc.'s ("PEI") affirmative claims, and for summary judgment in favor of NFI on NFI's affirmative counterclaim for overpayment. In support thereof, NFI states as follows:

### Summary Judgment as to PEI's Damages Claims

1. NFI respectfully moves the Court for summary judgment as to the three claims for damages in PEI's Complaint, one claim for damages in PEI's Amended Complaint, and an additional claim that is not set forth in PEI's pleadings.

2. PEI's Complaint seeks recovery for NFI's deduction of retailer advertising charges from net revenue upon which royalty payments were based. ECF 1-1 at ¶ 30-31. As set forth in Section III.A.1.a. of the accompanying Memorandum of Law in Support of this Motion ("Memorandum"), this claim turns upon an issue of contract interpretation which the Court

1

decided in its prior order, and that ruling entitles NFI to summary judgment on this claim. ECF 82 at 10-17.

3.      PEI's Complaint also seeks recovery for NFI's reduction in the price paid for emu oil to account for a lesser volume of oil shipped by PEI. ECF 1-1 at ¶ 27, 33-34. As set forth in Section III.A.1.b. of the Memorandum, NFI is entitled to summary judgment on this claim because: (a) the Court necessarily invalidated this claim when it previously ruled that a barrel of emu oil under the parties' contracts should contain 55 gallons, ECF 82 at 26, and (b) the parties eventually reached a legally binding modification of their contracts to change the price of oil to account for barrels with only 52.63 gallons and PEI has no lawful basis upon which to challenge this binding modification.

4.      PEI's Complaint also seeks recovery for NFI's alleged purchase of more emu oil than it needed to produce products. ECF 1-1 at ¶ 35-38. As set forth in Section III.A.1.c. of the Memorandum, there is no evidence to support this claim and PEI has abandoned this claim.

5.      PEI's Amended Complaint also seeks recovery for what it claims were product sales that NFI allegedly made in secret without recording those sales in its financial records. As set forth in Section III.A.2. of the Memorandum, NFI is entitled to summary judgment on this claim because the only admissible evidence proves that NFI paid royalties on all product sales. PEI has adduced no competent or admissible evidence that can controvert this fact. This claim is also barred by the statute of limitations since any phantom sales upon which the claim is based would have started at least nine years before this lawsuit was filed.

6.      PEI's final damages claim, which was disclosed in discovery but is not set forth in any pleading, is to recover royalty payments under the parties' 2003 Agreement until the stated end of that Agreement in 2015. As set forth in Section III.A.3. of the Memorandum, NFI is

entitled to summary judgment on this claim because PEI's breach and termination of the parties' agreement excuse NFI from any further obligation to make royalty payments.

### Summary Judgment as to PEI's Claims for Declaratory Judgment

7.  PEI has asserted three claims for declaratory judgment upon which NFI also moves for summary judgment.

8.  Count II of PEI's Complaint seeks declaratory judgment as to the parties' contractual rights and duties. As set forth in Section III.B. of the Memorandum, PEI has no basis to ask for any relief on this Count because the Court's June 7, 2013 Order decided all disputes regarding the parties' rights and duties under their contracts. ECF 82.

9.  Count III of PEI's Complaint asserts a claim for a declaratory judgment that PEI is a 50% owner along with NFI of the BLUE EMU trademark and other alleged intellectual property. As set forth in Section III.C. of the Memorandum, NFI is entitled to summary judgment on this claim because: (a) any claim is based upon a contractual or joint venture theory of ownership was decided in the Court's prior order, (b) NFI's incontestable rights to ownership of the BLUE EMU trademark precludes PEI's claims of ownership, and (c) this claim is barred by both the statute of limitations and by the equitable defense of laches.

10. PEI's Amended Complaint contains a final claim for relief, seeking a judicial determination that NFI allegedly procured its trademark registration for BLUE EMU by committing fraud in its trademark application. As set forth in Section III.D. of the Memorandum, NFI is entitled to summary judgment on this claim on three grounds. First, the undisputed evidence proves that NFI did not make any false statements in its trademark application. Second, even assuming falsity, PEI has no evidence that NFI acted with either knowledge of falsity or

intent to deceive, both of which would have to be proven by clear and convincing evidence with any doubts being resolved in NFI's favor. Third, PEI's claim is barred by the doctrine of laches.

## Summary Judgment as to NFI's Counterclaim

11. NFI also moves for summary judgment as to its own affirmative counterclaim for overpayments made to PEI. As set forth in Section III.E. of the Memorandum, the evidence of liability on this claim is undisputed as PEI's corporate representative admitted to liability in the recent corporate deposition of PEI.

12. Further grounds for the relief sought herein are set forth in NFI's Memorandum of Law in Support of this Motion and the accompanying exhibits filed contemporaneously herewith.

WHEREFORE, NFI respectfully requests that the Court enter judgment dismissing each of PEI's claims and granting judgment in favor of NFI on its affirmative counterclaim for contract damages.

Respectfully submitted this 7th day of April, 2014.

|  |  |
|---|---|
|  | */s/ John David Collins* |
|  | John David Collins |
|  | George G. Lynn |
|  | MAYNARD COOPER & GALE PC |
| OF COUNSEL: | 1901 Sixth Avenue North |
|  | 2400 Regions Harbert Plaza |
| Charles A. Burke (admitted *pro hac vice*) | Birmingham, Alabama |
| Jacob S. Wharton (admitted *pro hac vice*) | Telephone:  (205) 254-1000 |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP | E-mail:   glynn@maynardcooper.com |
|  |              jcollins@maynardcooper.com |
| One West Fourth Street |  |
| Winston-Salem, North Carolina 27101 |  |
| Telephone:  (336) 721-3600 |  |
| E-mail:  cburke@wcsr.com |  |
|       jwharton@wcsr.com | *Attorneys for Nutrition & Fitness, Inc.* |

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 7th day of April, 2014, served a copy of the foregoing document on all counsel of record via e-mail, to-wit:

David B. Anderson, Esq.
Deanna L. Weidner, Esq.
Marvis L. Jenkins, Esq.
ANDERSON WEIDNER, LLC
505 20th Street North
1450 Financial Center
Birmingham, Alabama 35203

*Attorneys for Progressive Emu, Inc.*

/s/ John David Collins
OF COUNSEL